UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL T. WILSON,

        Plaintiff,

v.                                     Case No. 17-460-pp

MICHAEL VAGNINI,
ZACHARY THOMS, and
CITY OF MILWAUKEE,

        Defendant.

**ORDER APPROVING STIPULATION FOR ENTRY OF PROTECTIVE ORDER (DKT. NO. 10)**

The parties have filed a stipulation, asking the court to enter a protective order defining confidential information and laying out procedures for handling that information. Their proposed order complies with Civil Local Rule 26(e) (E.D. Wis.) and Federal Rule of Civil Procedure 26(c)(1)(D). The court **APPROVES** the stipulation, dkt. no. 10, and **ORDERS** the following:

    1.     The following documents shall be handled as confidential and subject to the terms of this protective order:

        a.     personally-identifiable information, including dates of birth, social security numbers, home addresses, and phone numbers;

        b.     information which can in any way identify a juvenile;

        c.     information which can in any way identify a confidential informant;

        d.     financial information, including banking-related account numbers, the identification of any financial institution along with

1

any individual who maintains an account with that institution; income tax information and mortgage-related information;

e. health-care-related information, including information which is related to physical, psychological or general medical care or treatment;

f. emergency-contact information provided by employees, persons arrested or in custody, complainants, or witnesses;

g. information which can in any way identify the spouse, child(ren), or other family members of a City of Milwaukee employee or former employee;

h. information related to divorce or child custody disputes; and

i. information which can in any way identify the victim of a sexual assault, attempted sexual assault, rape, attempted rape or domestic violence.

2. Designation of confidential information must be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Counsel for the parties must keep all documents designated as confidential that are received under Civil Local Rule 26(e) (E.D. Wis.) secure within their exclusive possession and must place such documents in a secure area.

3. Documents designated as confidential must not be used or disclosed by the parties our counsel for the parties or any persons identified in paragraph (4) for any purposes whatsoever other than for preparing for and conducting the litigation in which the documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential

under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

>    a.  Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.
>
>    b.  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.
>
>    c.  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making copies of documents, such reporter or person must agree to be bound by the terms of this Rule.
>
>    d.  Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

5. To the extent that any of the records referenced in paragraph 1 are filed with the court, or are substantively incorporated in any papers to be filed with the court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the

3

record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

6. A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37 (E.D. Wis.). The party prevailing on any such motion is entitled to recover as costs its actual attorney fees and costs attributable to the motion.

7. At the conclusion of the litigation, all material not received in evidence and treated as confidential under Civil Local Rule 26(e) (E.D. Wis.) must be returned to the originating party, or, if the parties so stipulated, the material may be destroyed.

Dated in Milwaukee, Wisconsin this 27th day of October, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge